KATHRYN C. WANNER (Cal. Bar No. 269310)
Email: wannerk@sec.gov
KELLY C. BOWERS (Cal. Bar No. 164007)
Email: bowersk@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
Jennifer Barry, Acting Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone:   (323) 965-3998
Facsimile:   (213) 443-1904

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## Southern Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>RON K. HARRISON; AND GLOBAL TRADING INSTITUTE, LLC,<br><br>Defendants,<br><br>and<br><br>IRINA PARFYONOVA,<br><br>Relief Defendant. | Case No. 8:21-cv-01610-JVS-DFM<br><br>**JUDGMENT AS TO RON K. HARRISON** |

The Securities and Exchange Commission having filed a Complaint and Defendant Ron K. Harrison having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VII); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;  or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§80b-6(1) & 80b-6(2)] while acting as an investment adviser, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly::

(a)     to employ any device, scheme, or artifice to defraud any client or

prospective client; or

1    (b)    to engage in any transaction, practice, or course of business which

2    operates as a fraud or deceit upon any client or prospective client.

3        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

4    provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

5    binds the following who receive actual notice of this Judgment by personal service or

6    otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and

7    (b) other persons in active concert or participation with Defendant or with anyone

8    described in (a).

9                                        IV.

10       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to

11   Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant is

12   permanently restrained and enjoined from directly or indirectly, including through

13   any entity he owns or controls, accessing any securities brokerage account of any

14   third-party, including doing so with the consent of the account holder.

15       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

16   provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

17   binds the following who receive actual notice of this Final Judgment by personal

18   service or otherwise:  (a) Defendant's officers, agents, servants, employees, and

19   attorneys; and (b) other persons in active concert or participation with Defendant or

20   with anyone described in (a).

21                                       V.

22       IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

23   Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon,

24   and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. §

25   77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  The Court

26   shall determine the amounts of the disgorgement and civil penalty upon motion of the

27   Commission.  Prejudgment interest shall be calculated from September 30, 2021,

28   based on the rate of interest used by the Internal Revenue Service for the

underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.   In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy

1  Code, 11 U.S.C. §523(a)(19).

2

3                                   VIII.

4         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court

5  shall retain jurisdiction of this matter for the purposes of enforcing the terms of this

6  Judgment.

7                                    IX.

8         There being no just reason for delay, pursuant to Rule 54(b) of the Federal

9  Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and

10 without further notice.

11

12

13 Dated:  April 21, 2022                    _____

14                                           UNITED STATES DISTRICT JUDGE

15                                           JAMES V SELNA

16

17 Presented by:
   Kathryn C. Wanner
18 Kelly C. Bowers
   Attorneys for Plaintiff
19 Securities and Exchange Commission

20

21

22

23

24

25

26

27

28